Dear Mr. Deano, Jr.:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Town of Abita Springs you have asked for our opinion on whether the Town of Abita Springs may adopt an ordinance which charges a pro-rata fee to future utility owners which is based upon the determination of the capital cost to provide such utilities. The proposed ordinance would contemplate the establishment of a fee to a new utility user inorder for the user to avail himself of the infrastructure that is in existence presently or would have to be constructed in order to provide the user a certain classification of utility services, i.e. water and/or sewerage services.
To answer your question, we must first look to the Louisiana Supreme Court's analysis of the distinction between a fee and a tax in AudubonInsurance Company v. Bernard, 434 So.2d 1072 (La. 1983):
 It is well settled generally and in Louisiana that not every imposition of a charge or fee by the government constitutes a demand for money under its power to tax. If the imposition has not for its principal object the raising of revenue, but is merely incidental to the making of rules and regulations to promote public order, individual liberty and general welfare, it is an exercise of the police power. (citations omitted) In similar fashion, the police power may be exercised to charge fees to persons receiving grants or benefits not shared by other members of society. (citations omitted) But if revenue is the primary purpose for an assessment and regulation is merely incidental, or if the imposition clearly and materially exceeds the cost of regulation or conferring special benefits upon those assessed, the imposition is a tax. (citations omitted) *Page 2 
Similarly, in Safety Net For Abused Persons v. Segura, 96-1978 (La. 4/8/97), 692 So.2d 1038, the Louisiana Supreme Court stated:
 The nature of a charge is determined not by its title, but by its incidents, attributes and operational effect. Thus, the nature of a charge must be determined by its substance and realities, not its form. . .
 A charge that has as its primary purpose the raising of revenue, as opposed to the regulation of public order, is a tax. Moreover, a tax is a charge that is unrelated to or materially exceeds the special benefits conferred upon those assessed.
Our office has consistently applied this analysis. In Attorney General Opinion No. 04-0381 we opined that a documentary transaction tax or immovable property transaction fee imposed as "a means of defraying the cost of providing general parochial services to the citizens of Livingston Parish, such as police and fire protection, infrastructure, etc." was a tax, because its primary purpose was to raise parish revenues.
Similarly, in Attorney General Opinion No. 05-0282 we opined that a wastewater development impact fee established by West Baton Rouge Parish was a tax. The impact fee, which was to be imposed as a means of defraying the cost of providing general parochial services within West Baton Rouge Parish, specifically within the area(s) impacted by development, for services with respect to ". . .potable water, wastewater, stormwater, transportation, school and recreation impacts. . . ", was a tax because its primary purpose was to raise parish revenues.
However, based on the information provided to our office, we are of the opinion that the pro-rata fee contemplated by the proposed ordinance is properly classified as a fee and not a tax. The primary purpose of the pro-rata fee appears to be a reasonable and commensurate charge for the actual cost of service rendered directly on behalf of the future utility user. You have indicated that the fees will be used specifically to offset actual costs of providing services to the future utility user. The funds received from the pro-rata fee will be used exclusively to provide a direct benefit to the persons who are charged the fee. Based on the information you have provided to this office, persons to whom the pro-rate fee will apply will receive benefits not shared by other members of the Town. For these reasons, the pro-rate fee would properly be classified as a fee, as opposed to a tax. It is our opinion that the Town of Abita Springs may charge such a pro-rata fee pursuant to the police powers granted to it by Louisiana Revised Statute Title 33. *Page 3 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY:_______________________ MICHAEL J. VALLAN Assistant Attorney General